John SAMUELS, alias James Seymore Williams, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9939.

United States Court of Appeals Tenth Circuit.

July 5, 1968.

Robert M. Brown, Topeka, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

A jury found appellant-defendant guilty of knowingly transporting a stolen vehicle in interstate commerce, a Dyer Act violation, 18 U.S.C. § 2312. He appeals from the judgment and sentence imposed asserting trial errors in the admission of evidence and the instructions to the jury.

Appellant testified in his own behalf, professing his complete innocence of the offense and placing the onus of guilt entirely upon a companion who had earlier testified against him. On cross-examination, with no showing of compliance with *Miranda* [1] and over an objection based squarely on that case, the government was allowed to question appellant about numerous inconsistent and exculpatory custodial statements made by him to an agent of the F.B.I. The questions were leveled at impeachment and no statements made by appellant to the F.B.I. were part of the government's main case. Appellant admitted most of the claimed prior inconsistent statements. The inescapable conclusion from such admissions was that appellant had lied to the F.B.I. about his identity, history, and his activities during times pertinent to the commission of the crime. The statements of appellant did not amount to confession or admission of the offense.

In Wheeler v. United States, 10 Cir., 382 F.2d 998, published within a few days of the trial of the case at bar, we held that the safeguards of *Miranda* were applicable to a consideration of the admissibility of prior custodial and inconsistent statements made by an ac-

---

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

cused person and attacked for impeachment purposes. The overruling of appellant's motion was thus initial error for the government had the burden of proving the voluntariness of appellant's statements and such error would require reversal if, as counsel apparently would have us do, we were to shut the record off at this point. But we must view the whole record.

The government called as a rebuttal witness the F.B.I. agent who had interrogated appellant while he was in custody. The testimony of this witness, largely elicited by cross-examination, fully established that each mandate of *Miranda* had been fully met prior to the interrogation of the accused. The testimony was not contradicted and the initial procedural error of the trial court was thus completely dissipated. Although we do not approve this rather unorthodox order of proof (its potential for mis-trial being great) appellant was not prejudiced thereby.

■ Appellant's second contention fails for the reason that it is bottomed on the success of his first. In essence it is that the trial court compounded its error of admitting the prior inconsistent though exculpatory statements without proper foundation by allowing their use not only for impeachment purposes but also by allowing the jury, by instruction, to infer therefrom a consciousness of guilt on the part of the appellant.

■ Having held that this challenged evidence was rendered competent by the subsequent government testimony it was proper to allow its use for this purpose since it has long been the law that fabrication of evidence of innocence is cogent evidence of guilt. Wilson v. United States, 1896, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090.

Affirmed.